UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

KEVIN D. JONES,                )
                               )
          Petitioner,          )
                               )
     v.                        )      No. 4:05 CV 948 CAS
                               )                     DDN
CHUCK DWYER,                   )
                               )
          Respondent.          )

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the petition of Missouri state prisoner Kevin D. Jones for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

## FEDERAL HABEAS PETITION

On June 13, 2005, petitioner filed the instant pro se habeas petition. Jones alleges that he was denied due process because he did not receive a meaningful parole consideration hearing. This is his only ground for relief and the first time the claim has been presented in federal court. Respondent opposes this ground claiming that it is unexhausted under 28 U.S.C. § 2254.

## BACKGROUND

On August 2, 1994, petitioner pled guilty in the Circuit Court of Pemiscot County to a charge of second degree murder, and was sentenced to twenty-five years in prison. (Doc. 1 at 15.) Petitioner was considered for parole in January 2000, but the Missouri Board of Probation and Parole (Parole Board) denied petitioner's request. (Id.) According to the Parole Board, "release at this time would depreciate the seriousness of the offense committed or promote disrespect for the law based upon the circumstances surrounding your offense(s)." (Id.) On February 18, 2005, the Parole Board again denied petitioner's request for parole, using the exact language used in January 2000. (Id. Ex. B.)

Petitioner claims he sought to appeal the Parole Board's decision but was told the Parole Board's decision was final and not subject to appeal. (Id. Ex. C.) On June 13, 2005, Jones filed the instant petition in this court. (Id. at 1.)

**EXHAUSTION**

Respondent argues that petitioner's claim for habeas relief is unexhausted under 28 U.S.C. § 2254 and that the petition should therefore be dismissed without prejudice.

Section § 2254(b), (c) states in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) that there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

A petitioner must exhaust his state law remedies before the federal court may grant relief on the merits of the claims within a habeas petition. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is designed to protect the state courts' role in the enforcement of federal law and to prevent the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). Rigorous enforcement of the exhaustion requirement encourages state prisoners to seek full relief from the state courts, giving those courts the first opportunity to review all claims for

-2-

constitutional error.  <u>Id.</u> at 518-19.  The exhaustion doctrine promotes comity, but also the development of a factual record.  <u>See id.</u> at 519. Federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.  <u>Id.</u>

To exhaust his state law claims, a habeas petitioner must fairly present the facts and substance of his habeas claim to the state court. <u>Middleton v. Roper</u>, 455 F.3d 838, 855 (8th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 980 (2007).  State remedies have not been exhausted until the prisoner utilizes all available procedures under state law to raise his claims.  <u>See</u> 28 U.S.C. § 2254(b).

Nonetheless, the exhaustion requirement may be excused in certain instances.  <u>See id.</u>  Exhaustion is not required if the state does not have an appropriate corrective process.  28 U.S.C. § 2254(B)(1)(b)(i). Exhaustion is also not required where certain circumstances make the state process an ineffective means for protecting the petitioner's rights.  <u>See</u> 28 U.S.C. § 2254(B)(1)(b)(ii).  In essence, the question is whether state law provides a procedure for determining the merits of the petitioner's claim.  <u>See</u> <u>Lindner v. Wyrick</u>, 644 F.2d 724, 726 (8th Cir. 1981).  Exhaustion is not required where an action in state court would be futile.  <u>Powell v. Wyrick</u>, 657 F.2d 222, 224 (8th Cir. 1981). To be considered futile, the state's refusal to entertain the petitioner's claims must be clearly documented within the record.  <u>Id.</u>

The petitioner bears the burden of proving exhaustion.  <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998).  In this case, the petitioner has not met his burden.  In its letter denying parole, the Board noted that its decision was not subject to appeal. (Doc. 1, Ex. B.)  Accordingly, the Board summarily dismissed the petitioner's attempt to appeal the Board's February 2005 decision.  (<u>Id.</u> Ex. C.)

While the petitioner may have exhausted his administrative remedies, he has not exhausted his state law remedies.  Missouri law provides at least three distinct avenues for challenging the denial of parole.  <u>Wayne v. Missouri Bd. of Prob. and Parole</u>, 83 F.3d 994, 996 (8th Cir. 1996).  First, a prisoner may challenge the denial of parole

by bringing a declaratory action against the Board. Mo. Sup. Ct. R. 87.02(c); Epperson v. Missouri Bd. of Prob. and Parole, 81 S.W.3d 540, 546 (Mo. Ct. App. 2002) (affirming denial of parole in a declaratory judgment action brought against the Board). In other instances, a prisoner may be able to challenge the denial of parole through a state habeas petition. Mo. Sup. Ct. R. 91.01; State ex rel. Shields v. Purkett, 878 S.W.2d 42, 45-47 (Mo. 1994)(en banc)(ordering writ of mandamus for new parole hearing after petitioner brought a habeas petition). Finally, a prisoner may challenge the denial of parole by a writ of mandamus. Mo. Sup. Ct. R. 94.03; Williams v. Gammon, 912 S.W.2d 80, 83 (Mo. Ct. App. 1995) (considering prisoner's writ of mandamus on the merits in a challenge to denial of parole).

State law clearly provides several procedures for determining the merits of the petitioner's claim. More to the point, there is no indication that an action in state court would be futile or that the state process is an ineffective means for protecting the petitioner's rights. The petitioner has not satisfied any of the exceptions to the exhaustion requirement. He must, therefore, present his habeas claims to the state court before the federal court may grant relief.

## DISPOSITION

When a habeas petition contains both exhausted and unexhausted claims, a federal district court may issue a stay. Rhines v. Weber, 544 U.S. 269, 276 (2005). However, when a habeas petition contains only unexhausted claims, "it is doubtful that the stay and abeyance procedure is available." Johnson v. Norris, No. 5:06CV00317, 2007 WL 1321987, at *8 (E.D. Ark. May 7, 2007). Once a district court determines that a petition contains only unexhausted claims, the district court may simply dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). For one court, the decision to dismiss is not a matter of discretion. Shomo v. Maher, No. 04-CV-4149KMK, 2005 WL 743156, at *7 n.12 (S.D.N.Y. March 31, 2005). According to Shomo, where a habeas petition contains only unexhausted claims, the federal court lacks the jurisdiction to issue a stay. Id. Faced with a petition containing only unexhausted claims, the district court

-4-

ordinarily has two options: (1) it may dismiss the petition to allow the petitioner to exhaust his claims in state court, or (2) it may simply deny the petition on the merits. Moore v. Schoeman, 288 F.3d 1231, 1232 (10th Cir. 2002).

The petitioner's habeas petition contains one unexhausted claim. Since the habeas petition does not contain any exhausted claims,

**IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus be dismissed without prejudice for petitioner's failure to exhaust his state law remedies.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

/S/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 18, 2007.